UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| RICHARD A. RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-4121 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et al.* | ) ) ) | |
| Defendants. | ) | |

### ORDER RE: BILL OF COSTS

The Court granted Defendants' motion for summary judgment and entered judgment in favor of defendants accordingly. (Docs. 78, 79). Defendants filed a Bill of Costs on February 3, 2023, seeking $3,178.65 in costs, broken down as follows: (1) $1,528.65 for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case;" and (2) $1,650.00 for "fees for witnesses." (Doc. 82). Plaintiff objects to the Bill of Costs on the grounds that he is indigent, and that certain fees Defendants request are not recoverable under the applicable statute, or they were not necessary in this case. (Doc. 85).

Rule 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party," unless a statute, rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Allowable costs include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court has broad discretion in awarding costs, but it "must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). The "losing party has the burden of demonstrating that taxed costs are not appropriate[.]" *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012).

### Plaintiff's Indigency

The Court granted Plaintiff's petition to proceed *in forma pauperis* in this case. Text Order entered May 27, 2020. The Court may render a judgment for costs against a plaintiff proceeding *in forma pauperis* "at the conclusion of the suit or action as in other proceedings." 28 U.S.C. § 1915(f)(1). The Court has discretion to consider a plaintiff's indigency when deciding the issue of costs, but "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006).

A plaintiff asserting indigency must provide sufficient documentation for the Court to make a threshold finding that he is unable to pay court-imposed costs now or in the future. *Id.*; *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019). Documentary evidence could include trust fund ledgers, affidavits, and other evidence showing income, assets, and expenses. *Rivera*, 469 F.3d at 635. If shown, the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.* No one factor is determinative. *Id.* at 635-36.

Plaintiff did not provide any trust fund ledgers, affidavits, or other evidence with his objection to Defendants' Bill of Costs that shows his present financial situation. The trust fund

ledgers Plaintiff provided when he filed this case indicate that he was able to work despite the medical condition that prompted this lawsuit, and the extent to which this condition may limit Plaintiff's future earning potential is not clear upon the record before the Court. (Doc. 4). The Court finds that Plaintiff has not established that his asserted indigency prevents him from paying court-imposed costs now or in the future.

### Expert Witness Fees

Defendants have withdrawn their request for expert witness fees. (Doc. 86 at 2).

### Transcript Fees

Defendants sought a combined $1,528.65 for costs related to transcripts of depositions for four medical professionals in their bill of costs. They concede that they were charged more than the maximum rate permitted by the Judicial Conference of the United States and have since amended their request to seek a combined $1215.50 as outlined below. (Doc. 86 at 3). Section 1920 requires "that the transcripts or copies be reasonably and prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 699 (7th Cir. 2014).

#### *Defendant Rankin*

Plaintiff concedes that Defendant Rankin's deposition was necessary in this case. He argues only that the fees for a condensed transcript, handling and processing, and "litigation technology, support, and security management" should not be allowed because they were incurred solely for convenience. Defendants amended their request to seek $616.85 (169 pages at $3.65/page). (Doc. 86 at 3).

Defendants were charged $3.35/page for a copy of Defendant Rankin's deposition, totaling $566.15. (Doc. 82-1 at 7). They do not explain the necessity of the other fees, nor do

they dispute Plaintiff's contention that they were incurred solely for convenience. The Court awards $566.15 in costs to Defendants for Defendant Rankin's deposition.

### *Daniel Fassett, M.D.*

Dr. Fassett was the specialist that treated Plaintiff after Defendant Rankin discovered a fracture in Plaintiff's Harrington rods. Defendants now seek $153.30 in costs related to this deposition (42 pages at $3.65/page).

Plaintiff objects to the costs requested only on the grounds that Defendants failed to specify the number of pages in the deposition for purposes of determining whether the charges were reasonable. Defendants included Dr. Fassett's deposition transcript as an exhibit to their motion for summary judgment, and Defendants' request is consistent with the number of pages contained therein. (Doc. 73-9). The Court awards $153.30 in costs to Defendants for Dr. Fassett's deposition.

### *Dr. Yousef and Dr. Foss*

Drs. Yousef and Foss were the radiologists who issued reports initially finding that Plaintiff's Harrington rods were intact. The parties never disputed that their reports did not disclose issues related to Plaintiff's Harrington rods, and that Defendant Rankin could not have determined the cause of Plaintiff's issues from the information contained therein. These individuals were not parties in the case at the time the depositions were taken, and the depositions were not attached as exhibits to Defendants' motion for summary judgment. The Court finds that the costs incurred for copies of their depositions were not necessary and the request for these costs is denied.

*Dr. Herrington*

Dr. Herrington submitted an expert report Plaintiff attached as an exhibit to his summary judgment response. (Doc. 74-3). Defendants now seek $255.55 in costs related to this deposition (67 pages at $3.65/page).

Plaintiff objects to the costs requested only on the grounds that Defendants failed to specify the number of pages in the deposition for purposes of determining whether the charges were reasonable. Defendants attached a copy of the deposition to their motion for summary judgment, and Defendants' request is consistent with the number of pages contained therein. (Doc. 73-10). The Court awards $255.55 in costs to Defendants for Dr. Herrington's deposition.

## Conclusion

The Court awards $975.00 in costs as follows: $566.15 for Defendant Rankin's deposition; $153.30 for Dr. Fassett's deposition; and, $255.55 for Dr. Herrington's deposition.

**IT IS THEREFORE ORDERED:**

1) **Defendants' request for costs is granted in part and denied in part.**
2) **The Court awards Defendants $975.00 in costs.**

Entered this 24th day of March, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE